TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Mary Jo Vonasek*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Jo Vonasek, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, and Wells Fargo Bank, N.A. d/b/a/ Wells Fargo Home Mortgage, Inc. a California corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, MARY JO VONASEK, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona; and

   d. Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), which is a California corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Wells Fargo Home Mortgage is failing to report its trade line with account number 708020412XXXX ("Errant Trade Line") with monthly payments on Plaintiff's Experian, Equifax, and Trans Union credit files. It is also reporting an erroneous status of "Account Included in Bankruptcy" on Plaintiff's Experian, Equifax, and Trans Union ("CRAs") credit files.

7. This is false as Ms. Vonasek has been making timely, monthly payments on the Errant Trade Line, and she is living in the house, which is the subject of the Errant Trade Line. The Errant Trade Line relates to her purchase money mortgage. As Arizona is a non-deficiency state, there was never any personal liability attached to her to pay the mortgage. Wells Fargo's only remedy in the event of her default was to foreclose on the mortgage. Hence, her bankruptcy had no effect on her liability to Wells Fargo. Ms. Vonasek made all of her payments before the bankruptcy, and she continues to make them. Not

reporting these payments is false and misleading to any user of the credit report. It shows that she stopped making payments after the bankruptcy, which is false.

8. On or about April 13, 2016, Ms. Vonasek obtained her credit files and noticed that Wells Fargo failed to report the monthly payments that she had been making on the Errant Trade Line. Further, Wells Fargo reported an errant status of "Included in Bankruptcy."

9. On or about May 12, 2016, Ms. Vonasek submitted letters to the CRAs, disputing the Errant Trade Line. Ms. Vonasek disputed the incorrect status of "Included in Bankruptcy" and the lack of reporting the payments. Ms. Vonasek attached a copy of payment activity from her bank, showing that she was making monthly payments on the Errant Trade Line, and explained her mortgage as it relates to her bankruptcy. Ms. Vonasek asked Wells Fargo to report her monthly payments and asked it to remove the language which stated that the Errant Trade Line was included in her bankruptcy.

10. Upon information and belief, the CRAs forwarded Ms. Vonasek's consumer dispute to Wells Fargo.

11. On or about May 25, 2016, Ms. Vonasek received Trans Union's investigation results, which showed that Wells Fargo continued to fail to report her payments. It also showed that Wells Fargo retained the incorrect status of "Account Included in Bankruptcy."

12. On or about May 25, 2016, Ms. Vonasek received Equifax's investigation results, which showed that Wells Fargo continued to fail to report her payments. It also showed that Wells Fargo retained the incorrect status of "Account Included in Bankruptcy."

13. On or about June 1, 2016, Ms. Vonasek received Experian's investigation results, which also showed that Wells Fargo continued to fail to report her payments. It also showed that Wells Fargo retained the incorrect status of "Account Included in Bankruptcy."

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by the CRAs of Ms. Vonasek's consumer dispute of the failure to report monthly payments and the incorrect status of the Errant Trade Line, Wells Fargo negligently failed to conduct a proper investigation of Ms. Vonasek's dispute as required by 15 USC 1681s-2(b).

16. Wells Fargo negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to report the monthly payments and to correct the status of the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Vonasek's consumer credit file with Equifax, Experian, and Trans Union to which it is reporting such trade line.

18. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Ms. Vonasek has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Wells Fargo is liable to Ms. Vonasek by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Ms. Vonasek has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by the CRAs that Ms. Vonasek disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Ms. Vonasek's dispute.

23. Wells Fargo willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Ms. Vonasek has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Wells Fargo is liable to Ms. Vonasek for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Vonasek as that term is defined in 15 USC 1681a.

28. Such reports contained information about Ms. Vonasek that was false, misleading, and inaccurate.

29. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Vonasek, in violation of 15 USC 1681e(b).

30. After receiving Ms. Vonasek's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Vonasek has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Experian is liable to Ms. Vonasek by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Vonasek as that term is defined in 15 USC 1681a.

35. Such reports contained information about Ms. Vonasek that was false, misleading, and inaccurate.

36. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Vonasek, in violation of 15 USC 1681e(b).

37. After receiving Ms. Vonasek's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Vonasek has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Experian is liable to Ms. Vonasek by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Vonasek as that term is defined in 15 USC 1681a.

42. Such reports contained information about Ms. Vonasek that was false, misleading, and inaccurate.

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Vonasek, in violation of 15 USC 1681e(b).

10

44. After receiving Ms. Vonasek's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Vonasek has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Ms. Vonasek by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Vonasek as that term is defined in 15 USC 1681a.

49. Such reports contained information about Ms. Vonasek that was false, misleading, and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Vonasek, in violation of 15 USC 1681e(b).

51. After receiving Ms. Vonasek's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Vonasek has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Equifax is liable to Ms. Vonasek by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

# COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Vonasek as that term is defined in 15 USC 1681a.

56. Such reports contained information about Ms. Vonasek that was false, misleading, and inaccurate.

57. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Vonasek, in violation of 15 USC 1681e(b).

58. After receiving Ms. Vonasek's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Vonasek has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Trans Union is liable to Ms. Vonasek by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

61. Plaintiff realleges the above paragraphs as if recited verbatim.

62. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Vonasek as that term is defined in 15 USC 1681a.

63. Such reports contained information about Ms. Vonasek that was false, misleading, and inaccurate.

64. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Vonasek, in violation of 15 USC 1681e(b).

65. After receiving Ms. Vonasek's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Vonasek has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Trans Union is liable to Ms. Vonasek by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 23, 2016

                                    KENT LAW OFFICES

                              By: */s/ Trinette G. Kent*
                                 Trinette G. Kent
                                 Attorneys for Plaintiff,
                                 Mary Jo Vonasek